IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-20046-JWL |
| ) | |
| JOHN HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. ## 26, 27, 29).[1] For the reasons set forth below, the Court **denies** the motions.

In 2014 defendant pleaded guilty to distribution of methamphetamine and aggravated reentry into the United States, and the Court sentenced him to a term of imprisonment of 108 months. Defendant's present projected release date is August 31, 2022. Defendant now seeks a reduction in his sentence to time served and thus immediate release from prison.[2] As the basis for his motions, defendant claims an increased risk from

---

[1] On June 2, 2021, this case was reassigned to the undersigned judge.

[2] Defendant filed the present motions *pro se*, but the Federal Public Defender subsequently entered an appearance for defendant and filed a reply brief on his behalf. In light of this appearance, the Court previously denied as moot defendant's requests for appointment of counsel in these motions and in a separate motion.

the ongoing COVID-19 coronavirus pandemic because of his heart disease, which required the insertion of multiple stents in 2015.

As a general matter, a federal court may not alter a term of imprisonment once imposed, but Section 3582(c) provides one exception to that general rule of finality. *See United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). That statute provides that a court, after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i).[3] The district court determines what constitutes "extraordinary and compelling reasons." *See McGee*, 992 F.3d at 1045.[4] The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

---

[3] The statute also contains an exhaustion requirement, but the Government does not dispute that defendant has satisfied that requirement in this case, as defendant filed his motions more than 30 days after he requested relief from his prison's warden. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

[4] Section 3582(c) also requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has held, however, that U.S.S.G. § 1B1.13, the existing policy statement promulgated by the Sentencing Commission concerning a sentence reduction for extraordinary and compelling reasons, applies by its terms only to motions filed by the Bureau of Prisons, and thus does not apply in the case of a motion filed by a defendant. *See McGee*, 992 F.3d at 1050. Accordingly, the Court has not considered Section 1B1.13 here in determining whether extraordinary and compelling reasons warrant a reduction of defendant's sentence.

Case 2:14-cr-20046-JWL-TJJ   Document 50   Filed 08/27/21   Page 3 of 5

This Court has not granted relief under Section 3582 solely because of the pandemic, but rather it has required a defendant to show a particularized increased risk of serious harm from the virus based on his or her medical conditions. *See United States v. Draper*, 2021 WL 638022, at *2 (D. Kan. Feb. 18, 2021) (Lungstrum, J.) (noting the defendant had not made such a particularized showing). The Government does not dispute that defendant's heart disease has been identified by the Centers for Disease Control (CDC) as a factor that increases the risk of harm from the coronavirus, and the Government therefore concedes that defendant has shown extraordinary and compelling circumstances that would allow the Court to consider relief. The Government nonetheless opposes relief in this case.

The Court agrees with the Government that defendant's particularized risk of harm from the coronavirus does not appear to be substantially elevated. Defendant's medical records indicate that his condition is being treated while in prison. Moreover, defendant has recently received vaccinations, and the virus is by no means prevalent at defendant's prison, with only two cases among inmates at the present time.

When the Court considers those facts along with the Section 3553(a) factors, it concludes in its discretion that a sentence reduction to time served is not warranted here. Although the offenses for which defendant is presently imprisoned did not necessarily involve violence, he had multiple prior convictions that did involve violence and the use of firearms. Moreover, the list of defendant's disciplinary incidents during this term of imprisonment is lengthy and includes fighting, possession of drugs, and destruction of property. A reduction would therefore result in an overall sentence that would not properly

3

reflect the seriousness of the offense, and defendant has not shown that he would not pose a danger to others upon release.

Finally, defendant is not a United States citizen, and defendant concedes that he will likely be deported to Belize upon the conclusion of this term of imprisonment. Thus, it appears that a reduction of defendant's sentence to time served would not result in his freedom, but rather he would continue to be detained by ICE pending removal proceedings. There is no reason to believe that defendant's particularized risk from the coronavirus would be any lower at that facility, and indeed it is likely to be higher, given the dearth of present cases at defendant's prison. Accordingly, the requested reduction would not necessarily address the basis for defendant's motions. *See, e.g.*, *United States v. Rodriguez-Campana*, __ F. Supp. 3d __, 2021 WL 602607, at *5 (S.D. Fla. Feb. 16, 2021) (in denying motion for compassionate release, noting that defendant's COVID risk would not be any lower at ICE detention facility); *United States v. Dunbar*, 471 F. Supp. 3d 386, 389 (D. Mass. 2020) (same). In addition, because defendant would not be subject to supervision in Belize, the requested reduction to time served would mean that defendant's sentence failed to account for the seriousness of his offense to an even greater degree, as his sentence would be further reduced by the effective elimination of his term of supervised release. *See United States v. MacCallum*, 511 F. Supp. 3d 419, 428 (W.D.N.Y. 2021).

For these reasons, the Court concludes in its discretion that justice would not be served by a reduction of defendant's sentence. Accordingly, the Court denies defendant's motions for relief under Section 3582.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. ## 26, 27, 29) are hereby **denied**.

IT IS SO ORDERED.

Dated this 27th day of August, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
